IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM T. PETERSON,

                Petitioner,            OPINION AND ORDER

v.

                                              20-cv-336-wmc

LIZZIE TEGELS,

                Respondent.

---

        Petitioner William T. Peterson filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge on various grounds his 2015 convictions in Eau Claire County Case No. 2014CF42. The court screened his petition and ordered a response. (Dkt. #3.) Respondent Lizzie Tegels has since moved to dismiss Peterson's petition, contending that the petition is untimely; alternatively, respondent contends that Peterson procedurally defaulted one of his grounds for challenging his convictions by failing to raise it through a complete round of state court review. (Dkt. #9.) For the following reasons, the court must dismiss the petition.

BACKGROUND

        In Eau Claire County Case No. 2014CF42, Peterson pleaded guilty to repeated sexual assault of the same child and to intimidation of a victim by threat of force, while multiple, even more serious charges were dismissed but read in. The circuit court then sentenced Peterson to: (1) 10 years' initial confinement followed by 20 years' extended supervision on the sex assault count; and (2) a withheld sentence and 5 years' probation on the intimidation count. The judgment of conviction was entered on July 9, 2015.

Peterson filed notice on July 13, 2015, that he did not intend to pursue postconviction relief, and he did not pursue a direct appeal.

Instead, Peterson later chose to file a series of postconviction motions in the circuit court beginning in 2016, including a motion and a supplemental motion challenging the judgment and sentence under Wis. Stat. § 974.06.  Peterson claims he placed the first of these motions in the prison mail system on September 21, 2016.  In his state postconviction motions, Peterson argued that his guilty pleas were not knowingly, intelligently, and voluntarily entered because the circuit court failed to inform him adequately that:  (1) the dismissed-but-read-in charges could still have an impact on his sentence; and (2) his ultimate sentence could prohibit him from contacting his minor daughter.  Alternatively, Peterson sought a modification of his sentence, arguing that the court had relied on inaccurate information.  The circuit court denied his motions, and the Wisconsin Court of Appeals affirmed.  Peterson filed a petition for review in the Wisconsin Supreme Court raising the same issues, except for his alternative, inaccurate information claim.  The supreme court denied review on March 17, 2020.

Peterson mailed his petition for writ of habeas corpus to this court 10 days later, on March 27, asserting as grounds for relief that:  his plea was not knowingly entered because he was not advised of (a) the potential impact of the read-in offenses and (b) the possibility that the court would preclude him from contacting his minor daughter; and the court relied on inaccurate information at sentencing.  However, in reply to respondent's alternative argument that the latter, inaccurate-information claim had been procedurally defaulted, Peterson offered no counter argument, and instead, acknowledged that he "does not believe

2

the claim is a federal constitutional claim and did not intend to raise it as a federal issue." (Dkt. #15 at 4.) Thus, that alternative claim has been abandoned, and the court need not address it further. This concession just leaves before the court respondent's principal argument that Peterson's petition is untimely and must be dismissed in its entirety.

## ANALYSIS

A state prisoner must file a federal habeas petition within one year of when the state court judgment "became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). "For petitioners who pursue direct review all the way to th[e] [United States Supreme] Court, the judgment becomes final . . . when th[e] [United States Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (quotation marks omitted). "For all other petitioners, the judgment becomes final . . . when the time for pursuing direct review in th[e] [United States Supreme] Court, or in state court, expires." *Id.* (quotation marks omitted). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

In petitioner's case, the one-year limitations period began running on July 30, 2015. First, his judgment of conviction was entered on July 9, 2015, and he had 20 days, or until July 29, 2015, to file a notice of intent to seek postconviction relief in circuit court, including an appeal. Wis. Stat. § 809.30(2)(b). Second, since petitioner also chose not to pursue a direct appeal, his conviction became final for purposes of federal habeas review the next day. Third, and finally, he then had one year, or until July 30, 2016, to file his

3

federal habeas petition.  28 U.S.C. § 2244(d).  However, the next documents petitioner filed in any court were his collateral attack motions under Wis. Stat. § 974.06, the first of which he mailed on September 21, 2016.  Unfortunately for petitioner, this meant those motions and the appellate proceedings that followed could not toll petitioner's federal clock since that limitations period had already expired more than a month before.

In response, petitioner argues that his petition was timely because the judgment of conviction did not become final until October 28, 2015 -- after the expiration of both the 20-day period to file a notice of intent to seek postconviction relief *and* the 90-day period for filing a petition for certiorari to the United States Supreme Court.  If so, petitioner's deadline to file for federal habeas relief would have been October 28, 2016, and his first state court, postconviction motion mailed on September 21, 2016, would have tolled his federal clock from running with about 36 days remaining.  Thus, his federal petition filed a week after the Wisconsin Supreme Court denied review in March 2020 would therefore have been timely.

However, because petitioner did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-period for seeking certiorari review to extend the date on which his conviction became final.  That is because the Supreme Court can review "only judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review." *Gonzalez*, 565 U.S. at 656 (quoting Sup. Ct. R. 13.1); *see also* 28 U.S.C. § 1257(a) (Supreme Court may review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had").  As a result, petitioner's convictions became final when his time for seeking direct review in state

4

court expired -- July, 30, 2015.  *See Gonzalez*, 565 U.S. at 137 ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking review expires"); *see also Phillips v. Warden*, 908 F.3d 667, 671 (11th Cir. 2018) ("if the petitioner fails to timely pursue all available state relief on direct review, his conviction becomes final when the time for seeking review in the relevant state court expires"); *Miller v. Hooks*, 749 F. App'x 154, 159 (4th Cir. 2018) ("a state conviction for a petitioner who does not appeal to the state court of last resort becomes final when the time for seeking further review in state court expires").  Because the petition is untimely, and petitioner has made no argument for equitable tolling, his petition must be dismissed.

The only remaining question on habeas review is whether to grant petitioner a certificate of appealability.  Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Because this court finds that no reasonable jurists would debate whether the petition was untimely and petitioner abandoned his third ground for relief, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

1) Respondent Lizzie Tegels's motion to dismiss (dkt. #9) is GRANTED and petitioner William T. Peterson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED as untimely.

2) Petitioner is DENIED a certificate of appealability.

Entered this 17th day of February, 2023.

                          BY THE COURT:

                          /s/
                          _____
                          WILLIAM M. CONLEY
                          District Judge